UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00703-FDW-DCK

| | |
|---|---|
| SHANNON PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MIKE MAGUIRE AND TRUIST BANK, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, (Doc. No. 7). Because Plaintiff appears pro se in this matter, the Court issued a notice to her informing her of her right to respond to the motion and the burden she carries in responding to Defendant's Motion to Dismiss. (Doc. No. 9.) Plaintiff filed a response, (Doc. No. 10), and this matter is ripe for ruling. After reviewing the record, the Court DENIES WITHOUT PREJUDICE the motion to dismiss and instead allows Plaintiff an opportunity to amend the Complaint to more fully set forth her claim in accordance with the Federal Rules of Civil Procedure and other applicable law.

This matter is before this Court following Defendants' removal of the Complaint initially filed in District Court Division-Small Claims Court for Mecklenburg County, North Carolina. (Doc. No. 1-1.) In instituting action in that court, Plaintiff appears to have used a "Complaint for Money Owed" form authorized for use by the North Carolina Administrative Office of the Courts. (Id. p. 7.) As Defendants argue, the form is devoid of any specific factual allegations to support Plaintiff's claims that Defendants "furnished inaccurate and incorrect information to consumer reporting agencies" in violation of "15 U.S.C. § 1681s2" and " 15 U.S.C. § 1681s-2(a)(1)(A)." (Doc. No. 1-1, p. 7.) Plaintiff's response to the instant motion, (Doc. No. 9), provides minimal

1

conclusory arguments and does not elaborate on the allegations from the Complaint. (Doc. No. 10.)

While Defendants' arguments for dismissal are persuasive, the Court concludes that an opportunity to amend is more appropriate under the present record. Plaintiff has not specifically requested leave to amend. Nonetheless, the Federal Rules of Civil Procedure and the Fourth Circuit suggest the Court—in its discretion—may *sua sponte* allow amendment notwithstanding the appropriateness of dismissal. "The grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182). Federal Rule of Civil Procedure 15(a)(2) provides, "*The court should freely give leave [to amend] when justice so requires*." In addition to the permissive nature of the Federal Rules of Civil Procedure, the Fourth Circuit has repeatedly reiterated its policy to "liberally allow amendment." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (quoting Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010)). "And our policy furthers a wider federal policy of—when possible—resolving cases on the merits, instead of on technicalities." United States ex rel. Nicholson v. MedCom Carolinas, Inc., 42 F.4th 185, 197 (4th Cir. 2022) (citations omitted). The Fourth Circuit has also instructed that amendment should not be allowed "*only* where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (emphasis added; citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff's pro se status and the fact she instituted this action using a state court form in Small Claims Court warrant leave to amend—as opposed to dismissal—at this stage of the proceedings. In Abdul-Mumit, the Fourth Circuit explained, "Plaintiffs whose actions are

2

dismissed are free to subsequently move for leave to amend pursuant to Federal Rule of Civil Procedure 15(b) even if the dismissal is with prejudice." 896 F.3d at 293 (citation omitted). Therefore, even if the Court granted Defendants' motion to dismiss, an opportunity for Plaintiff to amend could still exist. See Britt v. DeJoy, 45 F.4th 790, 796 (4th Cir. 2022) (In dismissing without prejudice "when the district court believes a deficiency in a complaint can be cured, it should say so and grant leave to amend"); but see United States ex rel. Nicholson v. MedCom Carolinas, Inc., 42 F.4th 185, 196 (4th Cir. 2022) ("In this Circuit, plaintiffs do not get a dry run as a matter of right. District courts have inherent power to manage their dockets with an eye toward speedy and efficient resolutions, and part of that power is the use of with-prejudice dismissals." (cleaned up)). At this stage, the Court is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend under this current record.

In allowing amendment, the Court does not opine on the merits of Plaintiff's claims. Although Plaintiff's factual allegations are vague and undeveloped, the Court finds that an Amended Complaint will allow the Court to determine whether she asserts a cognizable claim. For these reasons, the ruling herein is without prejudice to Defendants' ability to reassert any applicable arguments directed to the Amended Complaint. Should Defendants renew their motion to dismiss for failure to state a claim, counsel is reminded of this Court's standing orders, which provide that motions made pursuant to Federal Rules of Civil Procedure 12(b)(3), 12(b)(6), or 12(b)(7) do not presumptively toll the time required to plead an answer, counterclaims, and/or third-party complaint. (Initial Scheduling Order, 3:07-MC-47, Doc. No. 21; also linked on the docket entry for this case on October 27, 2023.)

**IT IS THEREFORE ORDERED** that Plaintiff is granted leave to AMEND her Complaint. The Court DIRECTS Plaintiff to file, within twenty-one (21) days of the entry of this order, a new, complete Amended Complaint that includes all factual allegations to support its claims against Defendants. Plaintiff may also attach to the Amended Complaint any documentation upon which she relies to support her claims. **<u>Plaintiff is cautioned that, absent extraordinary circumstances, no further amendments to the complaint are likely to be allowed. Failure to comply with these directives could result in summary dismissal of the Complaint</u>**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (Doc. No. 7), is DENIED AS MOOT and WITHOUT PREJUDICE to reassert any applicable arguments in response to an Amended Complaint.

**IT IS SO ORDERED.**

Signed: April 24, 2024

Frank D. Whitney
United States District Judge