UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00703-FDW-DCK

| | | |
|---|---|---|
| SHANNON PARKER, | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| MIKE MAGUIRE AND TRUIST BANK, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court *sua sponte* following Plaintiff's failure to comply with this Court's Order directing her to amend her complaint because the original complaint contained vague and undeveloped factual allegations. (Doc. No. 11.) In the Order entered on April 25, 2024, the Court allowed Plaintiff fourteen days to file a new, complete Amended Complaint that includes all factual allegations to support her claims against Defendants. (Doc. No. 11.) Plaintiff was cautioned in bolded and underlined font: "Failure to comply with these directives could result in summary dismissal of the claims." (Doc. No. 11, p. 4.) Plaintiff failed to file an Amended Complaint by May 16, 2024, and the time for doing so has long expired.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action for failure to prosecute or for failure to comply with court rules or orders. Fed. R. Civ. P. 41(b). This authority also springs from the court's inherent powers to manage its docket. Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019); see also Link v. Wabash R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). In determining whether to dismiss a case for failure to prosecute, the Court should consider, among other things: 1) Plaintiff's degree of

1

personal responsibility; (2) prejudice to Defendants; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Attkisson, 925 F.3d at 625 (citation omitted).

Here, Plaintiff failed to comply with this Court's order and has also failed to prosecute her claims against Defendants because she failed to timely amending her Complaint to provide factual allegations to support her claims as required by Rule 8(a) of the Federal Rules of Civil Procedure. After considering the factors typically applied in the Fourth Circuit, the Court concludes dismissal is appropriate. See Attkisson, 925 F.3d 606 (holding the district court did not abuse its discretion in involuntarily dismissing the complaint for failure to comply with court orders); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (affirming "the district court's dismissal of his suit for failure to obey a court order"). Accordingly, this case is summarily dismissed without further leave to amend, as Plaintiff has already had an opportunity to do so. See Britt v. DeJoy, 45 F.4th 790, 798 (4th Cir. 2022); see also Workman v. Morrison Healthcare, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018).

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND, and the Clerk of Court is respectfully directed to CLOSE THE CASE.

**IT IS SO ORDERED.**

_____
Frank D. Whitney
United States District Judge